IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[2] JOEL MERCED RODRIGUEZ, aka "Freddy Rodríguez"<br><br>Defendant. | CRIMINAL NO.  05-332 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Joel Merced-Rodríguez was charged in Counts One and Two of a two count Indictment, and he agreed to plead guilty to Count Two.  Count Two charges that, on or about September 10, 2005, in the District of Puerto Rico and within the jurisdiction of this Court, defendant Merced-Rodríguez along with the other co-defendant, aided and abetted each other, with the intent to cause serious bodily harm, did knowingly, willfully, intentionally and unlawfully take a motor vehicle, to wit, a 2001 Honda CRV, vehicle identification number JHKRD2846YS006161, license plate EEK-823, said motor vehicle having been transported, shipped, or received in interstate or foreign commerce, from the person or presence of Noemí López-Fernández, by force and violence, or intimidation.  All in violation of Title 18, United States Code, Section 2119(1) and 2.

Defendant appeared before this Magistrate Judge on August 1, 2006, since the Rule 11 hearing was referred by the court.  Defendant was provided with a Waiver of Right to Trial by Jury in each case, which he signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Joel Merced-Rodríguez
Criminal No. 05-332 (JAG)
Report and Recommendation
Page No. 2

    Defendant indicated and confirmed his intention to plead guilty to Count Two of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

    Having further advised defendant of the charges contained in above-stated Count Two, he was examined and verified as being correct that: he had consulted with his counsel, Anita Hill-Adames, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

    Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States of America v. Joel Merced-Rodríguez</u>
Criminal No. 05-332 (JAG)
Report and Recommendation
Page No. 3

Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Hill-Adames, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty as follows: a term of imprisonment of not more than fifteen (15) years, a term of supervised release of at least five (5) years and a fine of two hundred

<u>United States of America v. Joel Merced-Rodríguez</u>
Criminal No. 05-332 (JAG)
Report and Recommendation
Page No. 4

fifty thousand dollars ($250,000.00). Defendant shall pay a special monetary assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States Code</u>, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement under FRCP 11(c)(1)(B) FRCP" ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count Two, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement appears on pages three (3) to four (4), paragraph eight (8) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The Base Offense Level is of Twenty-Nine (29), for a career offender pursuant to U.S.S.G. § 4B1.4(b)(D). Defendant's Base Offense Level will be reduced by three (3) levels for acceptance of responsibility, pursuant to U.S.S.G. §

<u>United States of America v. Joel Merced-Rodríguez</u>
Criminal No. 05-332 (JAG)
Report and Recommendation
Page No. 5

3E1.1(b), for a Total Offense Level of Twenty Six (26), with a sentencing range of one hundred and twenty (120) to one hundred and fifty (150) months of imprisonment assuming a Criminal History Category of VI.

As indicated in paragraph ten (10) of the Agreement, the parties agree to recommend an imprisonment term of one hundred and forty one (141) months, as to Count Two of the Indictment. The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.

The parties do not stipulate any assessment as to the defendant's Criminal History Category. Upon the recommendation by the parties that defendant be sentenced to a term of imprisonment of one hundred and forty one (141) months as to Count Two of the Indictment, the United States shall move to dismiss Count One of the Indictment.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government

had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Stipulation of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both

United States of America v. Joel Merced-Rodríguez
Criminal No. 05-332 (JAG)
Report and Recommendation
Page No. 7

defendant and the government may appeal the sentence of the court.[2]

Defendant was read in open court the Indictment, and was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Two was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count Two of the Indictment in Criminal No. 05–332 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Two of the Indictment in Criminal No. 05-332 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be promptly scheduled before Honorable Jay A. García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 3rd day of August of 2006.

        s/ CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ-RIVE
        UNITED STATES MAGISTRATE JUDGE

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph twenty-one (21) a waiver of appeal.